# In The United States Court of Appeals
# For the First Circuit

No. 22-1541

## UNITED STATES,

Appellee

v.

## CARLOS CRUZ-RIVERA, a/k/a Chiqui, a/k/a Cano, a/k/a Cano Llorens,

Defendant - Appellant

## ON APPEAL FROM A JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

(Honorable Francisco A. Besosa, Senior U.S. District Judge)

## Defendant-Appellant Carlos Cruz-Rivera's Second Supplemental Brief

/s/ Johnny Rivera-Gonzalez
Johnny Rivera-Gonzalez, Esq.
U.S.C.A. - First Cir. Bar No. 43285
P.O. Box 192397
San Juan, P.R. 00919-2397
Tel. No. (787) 470-4986
E-Mail: goodjrg@gmail.com

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 |
| II. | ARGUMENTS AND APPLICABLE LAW . . . . . . . . . . . . . . . . . . . . . . . . | 5 |
| III. | CONCLUSION AND RELIEF SOUGHT. . . . . . . . . . . . . . . . . . . . . . . . . | 11 |
| IV. | CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . | 12 |
| V. | CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 13 |

# I. TABLE OF AUTHORITIES

## 1. Case Law

*Deal v. United States*, 508 U.S. 129 (1993)............................... 9

*U.S. v. Andrews*, 12 F.4th 255 (3rd Cir. 2021)............................ 8

*U.S. v. Aruda*, 993 F.3d 797 (9th Cir. 2021) ............................. 8

*U.S. v. Brooker*, 976 F.3d 228 (2nd Cir.2020)......................... 8, 9

*U.S. v. Cruz-Rivera,* 904 F.3d 63 (1st Cir. 2018)......................... 6

*U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir.2020) ....................... 8

*U.S. v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)...................... 8

*U.S. v. Long*, 997 F.3d 342, 359(D.C.Cir.2021) ......................... 8

*U.S. v. McCoy*, 981 F.3d 271, 282 (4th Cir.2020)........................ 8

*U.S. v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021) .................... 8

*U.S. v. Ruvalcaba*, 26 F. 4th 14 (1st Cir. 2022).................. 7, 8, 10, 11

*U.S. v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021)................... 8

## 2. Statutes

18 U.S.C. § 924(c) ..................................................... 9

18 U.S.C. § 3582 ..................................................... 10

First Step Act of 2018, § 403(a), Pub. L. No. 115-391, 132
Stat. 5194, 5221–5222 (Dec. 21st, 2018)............................. 7, 10

**3. Rules**

F.R.A.P. 32(a)(7)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

F.R.A.P. 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Local Rule 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**4. U.S. Sentencing Guidelines**

U.S.S.G. § 1B1.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 10

### In The United States Court of Appeals
### For the First Circuit

No. 22-1541

## UNITED STATES,

## Appellee,

## v.

## CARLOS CRUZ-RIVERA, a/k/a Chiqui, a/k/a Cano, a/k/a Cano Llorens,

## Defendant - Appellant

## SECOND SUPPLEMENTAL BRIEF

**TO THE HONORABLE COURT:**

Herein appears Defendant - Appellant Carlos Cruz-Rivera, a/k/a Chiqui, a/k/a Cano, a/k/a Cano Llorens (hereinafter "Appellant") and hereby hence very respectfully submits the following Second Supplemental Brief for the consideration and review of this Honorable Court. Accordingly, Appellant hereby states and requests for his case to be remanded for re-sentencing for the following meritorious reasons.

**II. ARGUMENTS AND APPLICABLE LAW:**

As mentioned in the original brief, reply brief, and first supplemental brief, the Appellant was sentenced in 2016 to a total term of imprisonment of 872 months (72.6 years), following his convictions for carjacking (3 counts), and the corresponding

5

924(c) brandishing offenses (3 counts), in which the penalties were unduly stalked contrary to our present law. Appellant currently has an estimated release date set by the U.S. Bureau of Prisons of September 2079, that is, almost six decades from now. In other words, his sentence is the equivalent of a life imprisonment. Appellant's convictions and sentences were affirmed by the First Circuit. *U.S. v. Cruz-Rivera*, 904 F.3d 63 (1st Cir. 2018). The United States Supreme Court denied certiorari on March 25th, 2019. *See* 139 S. Ct. 1391. Nevertheless, the main issue at hand seems to be due fairness and justice as Appellant's sentence is totally unfair and unreasonable based on the applicable law today. Should this sentence be permitted to stand, there is no doubt that a miscarriage of justice would be perpetuated.

The most recent amendments to U.S.S.G. § 1B1.13 made modifications to the list of specified extraordinary and compelling reasons and now appears a new subsection (b)(6) ("Unusually Long Sentence") and permits non-retroactive changes in law (other than non-retroactive amendments to the Guidelines Manual) to be considered extraordinary and compelling reasons warranting a sentence reduction, but only in narrowly circumscribed circumstances. Specifically, where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at

the time the motion is filed, the change in law could qualify as an extraordinary and compelling reason after the sentencing court has fully considered the given defendant's individualized circumstances. The Amendment 814 made to the § 1B1.13(b)(6) provides among others the following:

> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In this particular case, Appellant was arrested on July 24th, 2015, and although he will not yet served at least 10 years of the term of the imprisonment before July 24th, 2025, there is a clear disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, creating a great and deep miscarriage of justice.

In *U.S. v. Ruvalcaba*, 26 F. 4th 14 (1st Cir. 2022), the Court of Appeals clearly ruled that when adjudicating a prisoner-initiated motion for compassionate release the District Court is not bound by the Sentencing Commission's current policy statement. Furthermore, this Court ruled that sentencing court may consider the First Step Act non-retroactive changes in sentencing law on an individualized basis, grounded in a

7

defendant's particular circumstances, to determine whether an extraordinary and compelling reason exists for compassionate release.

*Ruvulcaba* further found that "a district court is not constrained by the existing policy statement on compassionate release when adjudicating a motion brought by a prisoner. This holding aligns our court with the overwhelming majority of the courts of appeals that have decided the issue."*Id.; see, e.g., U.S. v. Andrews*, 12 F.4th 255, 259 (3rd Cir. 2021); *U.S. v. Long*, 997 F.3d 342, 359(D.C.Cir.2021); U.S. *v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021); *U.S. v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *U.S. v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021); *U.S. v. McCoy*, 981 F.3d 271, 282 (4th Cir.2020); *U.S. v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir.2020); *U.S. v. Brooker*, 976 F.3d 228, 230(2nd Cir.2020).

The Court of Appeals additionally held that, when adjudicating prisoner-initiated motions for compassionate release, Sentencing Courts "have discretion, unconstrained by any policy statement currently in effect, to consider whether a prisoner's particular reasons are sufficiently extraordinary and compelling to warrant compassionate release." *Id.; see U.S. v. McCoy*, 981 F.3d 271(4th Cir.2020) (holding that because there is no "applicable" policy statement, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for

8

release that a defendant might raise'" (*quoting U.S. v. Brooker*, 976 F.3d 228, 230(2nd Cir.2020); *U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir.2020).

According to *Ruvulcaba*, the district court has the authority to reduce Appellant's sentence based on the extraordinary and compelling circumstances that this case presents. The practice of "stacking" enhanced § 924(c) charges has received wide condemnation for many years. Unfortunately, it had been approved by the Supreme Court of the United States. *See Deal v. United States*, 508 U.S. 129 (1993). Finally, in December 2018, this practice was eliminated. The government can no longer invoke the dramatically enhanced mandatory consecutive sentences prescribed for "second or successive" § 924(c) convictions in the same case in which the first such conviction is obtained. From now on, those staggering sentences will be permissible only after a truly "subsequent" conviction. Notably, the fact that this amendment was titled a "Clarification of Section 924(c)" makes clear that § 924(c) was never intended by Congress to result in sentences like the one at issue here. That fact alone constitutes an extraordinary and compelling basis for a reduction of sentence. And not matter how horrible the relevant facts at hand may be, the law is the law and we are proud to watch for justice to be protected.  A sentence contrary to this premise, should be overturned and corrected to prevent disparity and hence, injustice.

Unfortunately, in this case Appellant's substantive rights were definitely adversely affected and seriously impugned the fairness of the judicial proceedings. There is no doubt that Appellant received a longer imprisonment sentence based on the relevant facts of the offenses of conviction and of the legal interpretation of the statutory penalties applicable before *U.S. v. Ruvalcaba* was decided.

The position assumed by the court below certainly undermines and adversely affects the public perception as to whether the district court adheres to its impartiality duty, shattering the fair administration of justice. The Appellant truly believes that the district court position is impermissible and should not be perpetuated. In this regard, Appellant understands that his actual sentence should shock the senses of our Forefathers and as a consequence, it should not be permitted to stand. Therefore, the Appellant strongly believes that he has satisfied the high burden for reversal under the plain error standard among others, especially, when there is a high risk that a miscarriage of justice might be perpetuated should this matter not be addressed.

Pursuant to the amendments to § 3582(c)(1)(A) that were enacted as part of the First Step Act of 2018 and according to *Ruvulcaba* and the amendments made to § 1B1.13(b)(6), the Appellant firmly believes that the Court has the authority to reduce his excessively harsh sentence. For the meritorious reasons set forth above, Appellant's sentence should be reduced by 432 months (or 36 years). Even after this

reduction, Appellant will still have to serve a 440-month sentence for his very serious convictions, securing release, if he makes it, when he is in his seventies. The ruling in this case rests on simple notions of fairness. What is fair should be fair. Therefore, the fair administration of justice and the People perception are at issue in this particular case. Whatever outcome, it will remain in our consciousness.

### III. CONCLUSION AND RELIEF SOUGHT

In sum, Appellant hereby very respectfully moves this Honorable Court to vacate and remand for re-sentencing with a different district court as the current court below denied Appellant's Motion for Compassionate Release in three separate proceedings without a valid legal reasoning and against the holdings and findings made by this Court in *Ruvalcaba*.

**RESPECTFULLY SUBMITTED.**

At San Juan, Puerto Rico, this 4th day of May, 2024.

/s/ Johnny Rivera-Gonzalez
Johnny Rivera-Gonzalez, Esq.
U.S.C.A. - First Cir. Bar No. 43285
P.O. Box 192397
San Juan, P.R. 00919-2397
Tel. No. (787) 470-4986
E-Mail: goodjrg@gmail.com

## IV. CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS

**TO THE HONORABLE COURT**
**OF APPEALS FOR THE FIRST CIRCUIT:**

I hereby certify that this reply brief complies with the type-volume limitations contained in F.R.A.P. 32(a)(7)(B)(ii), that it contains no more than 2,115 words in 301 lines, including the entire reply brief.

I understand that a material misrepresentation can result in the Court striking the brief or imposing sanctions. If the Court so directs, I will provide a copy of the word or line print-out.

**RESPECTFULLY SUBMITTED.**

At San Juan, Puerto Rico, this 4th day of May, 2024.

/s/ Johnny Rivera-Gonzalez
Johnny Rivera-Gonzalez, Esq.
U.S.D.C. - P.R. Bar No. 207710

## V. CERTIFICATE OF SERVICE

I, Johnny Rivera-Gonzalez, do hereby certify that one true and correct copy of this document was served pursuant to Rule 25 of the Federal Rules of Appellate Procedure through first class mail to Appellant Carlos Cruz-Rivera, a/k/a Chiqui, a/k/a Cano, a/k/a Cano Llorens, Registration Number 39877-069, U.S.P. Tucson, U.S. Penitentiary, P.O. Box 24550, Tucson, AZ 85734.

Rule 4 Local Rules Governing Electronic Filing provides that the Notice of Docket Activity that is generated by the court's electronic filing system constitutes service of the filed document on all ECF Filers. The system identifies which parties in a particular case are ECF filers, such as the U.S. Attorney, U.S. Department of Justice, at Torre Chardón, Suite 1201, 350 Carlos Chardón Street, San Juan, Puerto Rico 00918.

At San Juan, Puerto Rico, this 4th day of May, 2024.

/s/ Johnny Rivera-Gonzalez
Johnny Rivera-Gonzalez, Esq.
U.S.D.C. - P.R. Bar No. 207710